DECISION AND JOURNAL ENTRY
Kathy Jo Lehman appeals the judgment of the Wayne County Municipal Court, which convicted her of petty theft, following a bench trial. This court affirms.
 I.
On December 29, 1998, Kathy Jo Lehman entered a Discount Drug Mart store in Wooster. After shopping for some thirty to forty-five minutes, Lehman paid for between ten and fifteen items, valued at approximately twenty-five dollars. As she was leaving the store, the store's alarm went off, indicating that one of the store's magnetic labels, attached to merchandise, had not been de-magnetized. Four store employees repeatedly shouted to Lehman to return to the store, but despite their calls, Lehman rushed across the street. One employee followed Lehman out of the store and shouted to her to return to the store. Lehman then returned to the store. When the employee confronted Lehman about setting off the alarm, Lehman pulled from her coat pocket a pair of earrings and said, "this must be what went off." The earrings were attached to a Drug Mart sensor tag that was not demagnetized. The earrings were priced at $4.99.
Lehman returned to the Drug Mart and spoke with a store security employee. Lehman initially stated that she did not mean to take the earrings, but they got mixed up with her Kleenex. Lehman refused to cooperate with security, and would not give them her name. At one point, she was quite angry about being questioned. Just before police officers arrived, Lehman gave her name to store security. When the police began to investigate, they found that Lehman had thirty-nine dollars in her pocket.
Lehman was charged with petty theft, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1). The case proceeded to a bench trial. Two Drug Mart employees testified for the State. In addition to providing testimony about the events outlined above, one employee testified that in her experience, people frequently steal items even though they have sufficient money to pay for the items. This employee also testified that people who are questioned about shoplifting are often very uncooperative because they are, in fact, guilty. The employee who initially pursued Lehman testified that the defendant could have eluded the store employees if she wanted to. At the close of the State's case, Lehman moved for acquittal, pursuant to Crim.R. 29. The court denied the motion.
Lehman testified in her own defense and essentially corroborated the above facts. However, Lehman said that while shopping, she had carried the items for purchase in her hands. At one point she dropped several items, including a Kleenex and her mittens. She picked up the Kleenex and mittens and put them into her coat pocket. She believes that at that point, she inadvertently put the earrings into the pocket as well. She stated that she did not intend to steal the earrings. Lehman also testified that when she first left the Drug Mart she was in a hurry to go to the McDonald's restaurant across the street, purchase a lunch, and hurry back to jail, where she was staying on other charges.[1] The court asked Lehman why she refused to cooperate with store security, if she had not intentionally taken the earrings. Lehman replied, "I just never give my name out until I know what I'm giving my name out to."
At the close of all the evidence, defense counsel urged the court to acquit Lehman, because of her testimony that she had not knowingly taken the earrings, and because of the testimony that Lehman could have eluded the store employee who pursued her initially. The court found Lehman guilty of petty theft. The court sentenced her to five days of jail time, to be served concurrent with her existing sentence, and fined her $100. On appeal, Lehman asserts that the trial court erred, because the judgment was not supported by sufficient evidence and the judgment was against the manifest weight of the evidence.
 II.
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine * * * whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
A review of the weight of the evidence determines whether the state has met its burden of persuasion. State v. Angle (June 2, 1999), Medina App. No. 2875-M, unreported, at 7. This Court has observed that "becausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts
(Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Because this Court finds that the conviction was supported by the weight of the evidence, we necessarily find that there was sufficient evidence to support appellant's conviction.
 When an appellate court reviews the weight of the evidence [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175. Only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will the appellate court reverse and order a new trial. Statev. Thompkins (1997), 78 Ohio St.3d 380, 397, quoting Martin,20 Ohio App.3d at 175.
In order to convict Lehman of petty theft, the prosecution had to prove beyond a reasonable doubt that Lehman (1) with purpose to deprive Drug Mart (2) of the earrings (3) knowingly (4) exerted control over the earrings (5) without Drug Mart's consent. R.C. 2913.02(A).
The evidence was undisputed that Lehman left the store with the earrings belonging to Drug Mart, without the store's consent. Thus, the disputed elements focus on Lehman's intent to deprive the store of its merchandise.
The trial court questioned Lehman's failure to return to the store when the alarm went off, despite the calls of four store employees. The court also questioned Lehman's failure to cooperate with store security if, as Lehman asserted, she had inadvertently placed the earrings in her pocket. Lehman replied that she doesn't like to volunteer her name unless she understands why a person is asking her identity. However, in this case it was clear why the store security was inquiring about her name. The trial court could reasonably believe that Lehman intentionally pocketed the earrings, based on the evidence before it that Lehman rushed across the street despite being called back by store employees, and failed to cooperate with store security once she was detained.
The evidence supporting Lehman's intent is circumstantial. However, "when the element sought to be proven is a mental state, direct evidence of which is entirely within the domain of the accused." State v.Williams (1997), 123 Ohio App.3d 178, 181. Although Lehman testified that she did not intend to deprive the store of the merchandise, the trial court was not unreasonable in concluding that Lehman's actions were inconsistent with her assertion of innocence. Furthermore, "the weight to be given * * * the credibility of the witnesses [is] primarily for the trier of the facts." State v. Smith (2000), 87 Ohio St.3d 424, 436, quoting State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
This court cannot conclude that the trial court clearly lost its way in rendering a guilty verdict. Lehman's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J. WHITMORE, J. CONCUR
[1] Lehman was staying at a "Pay and Stay" facility, serving a sentence for an unnamed offense.